## Ida M. Heath, Appellee, v. City of Chicago, Appellant.

### Gen. No. 19,321. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 21, 1914. Rehearing denied May 5, 1914.

### Statement of the Case.

Action by Ida M. Heath against City of Chicago for personal injuries alleged to have been sustained

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

by plaintiff through the negligence of defendant in maintaining a defective and dangerous sidewalk. From a judgment in favor of plaintiff for $5,950, defendant appeals.

The grounds urged for reversal of the judgment are: That the verdict was against the manifest weight of the evidence; that the plaintiff was guilty of contributory negligence; that the court erroneously refused to submit two special interrogatories to the jury; and that the court erred in the giving and refusing of instructions.

The interrogatories claimed to have been improperly refused are as follows:

"First. Was the accident occasioned proximately by a defective plan of construction of the place in question?

Second. Was the place of the alleged defect in the same condition on the 17th day of February, A. D. 1911, at the time of the accident as it was at the time of the construction?"

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

ELMER & COHEN, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1007*—*when city liable for injuries resulting from hole in sidewalk.* In an action against a City for personal injuries resulting from plaintiff stepping into a hole in a sidewalk at the time a trap door was in course of construction, a verdict for plaintiff *held* sustained by the evidence.

2. TRIAL, § 276*—*when special interrogatories may be refused.* Refusal of court to submit to jury special interrogatories which do not relate to an ultimate fact, and the most that can be said of them is that they relate merely to facts that possibly might tend, more

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

or less, to establish the ultimate facts upon which the rights of the parties depend, *held* not error.

3. Damages, § 110*—*when verdict for personal injuries not excessive.* A verdict of $5,950 for personal injuries *held* not excessive, it appearing that the plaintiff's hip was broken and the femur fractured and there was evidence tending to show that the injuries will be permanent and that she will never be able to walk without the aid of crutches.

4. Appeal and error, § 1561*—*when refusal of requested instructions not error.* Refusal of requested instruction covered by other instructions *held* not error.